**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO H. ESTRADA, | No. 11-15892 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-02330-PJH |
| v. | |
| ROBERT A. HOREL, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

California state prisoner Mario H. Estrada appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging constitutional violations

in connection with a prison gang validation.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo both a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and the district court's summary judgment, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001).  We affirm.

The district court properly dismissed Estrada's procedural due process claim concerning defendant Marquez's participation in the gang validation proceeding because Estrada had an opportunity to present his views to the Institutional Gang Investigator.  *See Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990) (due process requires opportunity for prisoner to present views to the critical decision-maker).

The district court properly granted summary judgment on Estrada's due process claim concerning the sufficiency of the evidence used to validate him as a gang member because there was "some evidence" to support the validation.  *See Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (affirming summary judgment on due process claim where "some evidence" supported the gang validation, and explaining that the standard is met where there is any evidence in the record that could support the conclusion).

The district court properly granted summary judgment on Estrada's retaliation claim because Estrada failed to raise a genuine dispute of material fact

as to retaliatory motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim).

Estrada's remaining contentions are unpersuasive.

Estrada's motion to take judicial notice, filed on December 27, 2011, is denied as unnecessary.

**AFFIRMED.**